RONALD A. MARRON, ESQ. [SBN 175650]
LAW OFFICES OF RONALD A. MARRON, APLC
3636 Fourth Avenue, Ste. 202
San Diego, CA 92103
Telephone:    619-696-9006
Facsimile:    619-564-6665

Attorney for the Plaintiffs

FILED

2010 SEP 30 PM 4: 15

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ DEPUTY

# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF SOUTHERN CALIFORNIA

'10 CV 2044 BEN _B GS

| | |
|---|---|
| DAVID SALVATIERRA, on behalf of himself, and all others similarly situated, as applicable, | Case No.: |
| Plaintiffs, | **CLASS ACTION COMPLAINT FOR:** |
| vs. | 1.  Violation of Business and Professions Code § 17200, et seq.; |
| | 2.  Breach of Contract; |
| SPRINT SOLUTIONS, INC.; SPRINT SPECTRUM L.P.; SPRINT CORPORATION; and BEST BUY COMPANY | 3.  Violation of Consumers Legal Remedies Act; |
| | 4.  Declaratory Relief; |
| | 5.  Violation of the Federal Communications Act, 47 U.S.C. § 201 (b); |
| Defendants. | 6.  Unjust Enrichment; |
| | 7.  Conversion |

Plaintiffs, by and through their attorney, allege as follows against the above-names defendants (hereinafter referred to collectively as "Sprint," or as "defendants"). Except as otherwise noted, such allegations are made on information and belief, formed after an inquiry reasonable under the circumstances, which allegations are likely to have evidentiary support after appropriate investigation and discovery.

## I. SUMMARY OF COMPLAINT

1. In June 2010, defendant Sprint staged a nation-wide rollout of its new HTC Evo 4G phone ("Evo 4G"), manufactured by Taiwan-based HTC Corporation. With great fanfare, the Evo 4G phone was marketed as the first cell phone able to access Sprint's 4G network. In August 2010, with similar fanfare, Sprint began selling a second 4G phone, the Samsung

Epic 4G ("Epic 4G"), which was also marketed as having 4G access.   Both of these phones are marketed by defendants under the tagline "Sprint: First and Only Wireless 4G from a National Carrier."  (See Exhibit A.)

2.  Sprint, however, is only able to provide 4G service through Clearwire Corporation ("Clearwire"), of which Sprint controls 54%.   Sprint's partnership with Clearwire is complicated by the fact that Sprint and Clearwire also continue to compete for wireless subscribers.  This competition, and the reluctance of major Clearwire shareholders to provide funding for further buildout of 4G capability on behalf of Sprint, has prevented Sprint from effectuating a rapid rollout of 4G.

3.  Thus, Sprint's 4G coverage is limited to areas where Clearwire has built out their 4G network, which, as of this filing, encompasses 53 markets in 22 states.  In California, Sprint only offers 4G service in the cities of Merced, Modesto, Stockton and Visalia.  Of the major California areas, Los Angeles and San Francisco have been promised 4G access "in the near future" by Sprint, but no specific California 4G rollout dates have been made public (See Exhibit A).   Other major urban areas, such as San Diego and Sacramento, have no prospect of having Sprint 4G access in the near term.

4.  Sprint customers who purchase Sprint's 4G phones such as the Evo 4G and the Epic 4G are required to purchase Sprint's "Everything Data" plan and are also required to pay an additional $10.00 charge that is specific to the 4G device.   Thus, all Sprint customers with 4G phone contracts have been charged a monthly premium for a 4G-capable phone, but Sprint has failed to provide 4G service to most areas.  In, California, for example, only a small fraction of Sprint's customers (in Merced, Modesto, Stockton and Visalia) actually have access to 4G service. (See Exhibit A.)

CLASS ACTION COMPLAINT

5.  The Federal Communications Commission ("FCC") has established certain Truth In Billing requirements, which include billing only for items legitimately charged to customers and explaining why such charges are imposed.  Sprint 's conduct violates these Truth In Billing requirements.

6.  As a result, despite its obligations to avoid disseminating uniformly misleading billing statements, Sprint improperly charged customers for data services that customers purchasing 4G phones did not receive, resulting in Sprint reaping substantial benefits from monies improperly retained.   Defendants are thus being unjustly enriched as a result of their deceptive billing practices.

7.  Moreover, the  "Premium Data" charge applied to 4G phone owners violates state and federal anti-cramming laws including, 47 U.S.C. § 201 (b) and Cal. Pub. Util. Code § 2890.

8.  Despite having collected what is likely several million dollars from customers for such charges and having retained and benefitted from the use of such monies Sprint has not given notice to its customers of the true nature of its purported "Premium Data" charge.   This action seeks such relief, as well as declaratory and injunctive relief to ensure this problem does not recur.

## II. JURISDICTION AND VENUE

9.  This Court has jurisdiction over the claims asserted and the defendants because each are individuals, associations or corporations that are either based in, authorized or registered to conduct, or in fact do conduct, substantial business in the State of California, and each of the defendants has sufficient minimum contacts with California, or otherwise intentionally avail themselves of the markets within California through the collection of monies and the distribution of their services in California to render the exercise of jurisdiction by the California courts permissible under traditional notions of fair play and substantial justice.

CLASS ACTION COMPLAINT

Jurisdiction is proper under the Class Action Fairness Act, 28 U.S.C. § 1332(d), as the class members and defendants are from different states and the amount in controversy exceeds $5 million. As the Complaint also raises a federal question, jurisdiction is also proper under 28 U.S.C. § 1331. This action challenges Sprint 's failure to fully and fairly disclose that the fees in question were mistakenly imposed on class members and to provide full refunds. No state or federal regulatory agency has either authorized this conduct or has primary, exclusive or any jurisdiction over the wrongful conduct at issue herein nor can provide the complete relief prayed for in this matter, as the relevant state and federal regulatory agencies possess neither exclusive nor primary jurisdiction over the billing or disclosure methods of such charges, or have "de-tariffed" the entire regulatory scheme such that there is no basis or reason to refer this matter to either the FCC or any state regulatory agency. By statute the courts are the sole means available to obtain class-wide relief, as the focus of this litigation is defendants' uniform deceptive billing practices and their method of non-disclosure and misrepresentation of the reasons and bases for charging these taxes and fees to customers, and the resulting injury to Sprint customers.

10. Venue is proper in this District as the acts upon which this action is based occurred in part in this District. Plaintiffs reside in this District, and defendants received substantial compensation and profits from the sale of their services in this District, caused misrepresentations to be disseminated, entered into agreements and transactions and/or breached agreements in this District. Thus, defendants' liability arose in part in this District.

## III. PARTIES

11. On personal knowledge, plaintiff David Salvatierra is a resident of San Diego County, California. Mr. Salvatierra has been a customer of defendants, has purchased a Sprint 4G cellular phone from defendants and has suffered injury in fact and lost money or property or

had his rights infringed upon as a result of the acts and practices here at issue by being charges and/or required to pay the charges, taxes and fees here at issue and/or not having had such monies refunded with interest.  True and correct copies of exemplars of some of his bills are attached hereto as Exhibit B and incorporated herein by reference.

12. Defendant Sprint Solutions Inc. is a Delaware corporation.  Its primary address is 6500 Sprint Pkwy HL-5ASTX, Overland Park, KS 66257.  Defendant Sprint Spectrum L.P. is a Delaware Limited Partnership.  Its primary address is 4717 Grand, Fifth Fl., Kansas City, MO 64112.  Sprint Solutions, Inc. and Sprint Spectrum L.P. are both affiliates and related entities of Defendant Sprint  Corporation, which is an international corporation with its executive headquarters at 2001 Edmund Halley Drive, Reston, Virginia 20191, and its operational headquarters at 6200 Sprint Pkwy Overland Park, Kansas 66251.

13. Best Buy Company is incorporated in the State of Minnesota and has its headquarters and principal place of business at 7601 Penn Avenue S., Richfield, MN 55423.  Best Buy operates electronic retail stores, call centers and online retail operations nationwide and advertises, promotes and distributes consumer electronic products and services to the public, such as, Sprint's cellular products and services.  Based on information and belief, Best Buy was aware of, and participated in the marketing, advertising, promotion and distribution of Sprint's 4G products and services as alleged herein.

14. All Defendants are operating and conducting business throughout California and the United States.

15. At all times mentioned in the Causes of Action alleged herein, each and every defendant was an agent, representative, affiliate, or employee of each and every other defendant, and in doing the things alleged in the Causes of Action stated herein, each and every defendant was acting within the course and scope of such agency, representation, affiliation, or

employment and was acting with the consent, permission and authorization of the other defendants. During the relevant time period, defendants agreed to misrepresent to the Class members the material facts at issue herein and/or not to notify Class members about the scope and nature of the illegal business practices as detailed herein, thus engaging in a conspiracy that resulted in injury in fact to members of the Class. All actions of each defendant, as alleged in the Causes of Action stated herein, were ratified and approved by the other defendants or their respective directors, officers and/or managing agents, as appropriate for the particular time period alleged herein.

16. Whenever this Complaint refers to any act or acts of defendants, the reference shall also be deemed to mean that the directors, officers, employees, affiliates, or agents of the responsible defendant authorized such act while actively engaged in the management, direction or control of the affairs of defendants and/or be persons who are the alter egos of defendants, or to the extent this Complaint refers to the actions of individuals, while such persons were acting within the scope of their agency, affiliation, or employment. Whenever this Complaint refers to any act of defendants, the reference shall be deemed to be the act of each defendant, jointly and severally.

## IV. CLASS ACTION ALLEGATIONS

17. This action is brought and may properly be maintained as a class action pursuant to the provisions of Federal Rules of Civil Procedure, Rule 23. Plaintiffs bring this action on behalf of all others similarly situated based on their own circumstances as representative members of the following proposed class (the "Class"): All individual persons or entities in California and all other state as the Court may determine to be appropriate who purchased, leased or otherwise acquired 4G cellular telephones from Sprint and were billed for Premium Data Charges or other charges specific to 4G phones that were not properly

imposed on their accounts at any time during the relevant time period  (which shall be the subject of discovery but at least starting in May 2010 and continuing to date).  Plaintiffs also bring this action on behalf of a Sub-class of all individual persons and entities who reside in California and were billed for the data charge at issue during the relevant time period.

18. Specifically excluded from the proposed Class are the Court and its staff, defendants, and entity in which any of the defendants have a controlling interest, and the officers, directors, affiliates, legal representatives, successors, subsidiaries, and/or assigns of any such entity.

## A. NUMEROSITY OF THE CLASS

19. The proposed Class is so numerous that the individual joinder of all its members in one action is impracticable.  As of July 2007, it was publicly reported that Sprint  had over one million data transmission service customers.  While the exact number and the identities of the Class members are unknown at this time and can only be ascertained through appropriate investigation and discovery, defendants conduct business nationwide and presumably have sold tens of thousands of 4G phones, a large fraction of which have no access to 4G service.

## B. EXISTENCE AND PREDOMINANCE OF COMMON QUESTIONS

## OF LAW AND FACT

20. Plaintiffs seek common equitable relief, including declaratory, injunctive, retitutionary and other equitable monetary relief, and common measures of economic, compensatory, exemplary and/or statutory damages as set forth more fully below to the extent they are entitled to such relief under the law.  This includes, but is not limited to, full credits for and/or repayment of the improperly charged fees, and late fees wrongfully assessed, or any other monies that were improperly required to be expended as a result of defendants' wrongdoing, plus interest thereon.

21. Common questions of law and fact arising out of the claims here at issue exist as to all members of the Class and predominate over any potential individuals issues.  These common legal and factual questions include, but are not limited to, the following:

22. Whether defendants misrepresented the bases and reasons for imposing such charges, fees and taxes on members of the Class;

23. Whether the uniform communications between Class members and defendants as detailed below include misleading and inaccurate statements about the nature of certain charges imposed on Class members by Sprint , or resulted in the issuance of telephone bills containing either no descriptive information or using misleading or deceptive language as to why such charges were being imposed;

24. Whether defendants' uniform course of conduct was unreasonable and unconscionable or constitutes acts of unfair competition, misleading or deceptive acts or practices, intentional, reckless or negligent misrepresentation or concealment of material facts;

25. Whether defendants' statements about such fees and taxes being due and payable constitute a material misrepresentation or omission fact;

26. Whether defendants intentionally, recklessly, negligent or otherwise misrepresented to Class members the facts as detailed below, or omitted to disclose material facts necessary in order to make defendants' other statements not misleading for want of disclosure of such omitted facts;

27. Whether defendants knew, recklessly disregarded or reasonably should have known about the material misstatements and omissions in their uniform billing statements regarding the facts as set forth below;

28. Whether, when and if defendants fully disclosed the true facts that contradicted their prior misrepresentations and omissions;

29. Whether defendants continued to retain the monies here at issue despite their knowledge of or reckless or negligent disregard for the true facts;

30. Whether the uniform statements and billing language utilized by defendants to identify or describe the taxes and charges here at issue were untrue, or violated state and federal directives for ensuring billing statements were clear and not misleading;

31. Whether defendants improperly imposed certain charges that were not to be imposed upon the Class members as it was either improper to do so or was not authorized by the Class member;

32. Whether defendants fraudulently, recklessly, negligently or otherwise concealed the true facts at issue in this action;

   a.  When defendants initiated this scheme to mislead Class members;

   b.  The amount of revenues and profits defendants received and/or the amount of monies or other obligations imposed on or lost by Class members as a result of such wrongdoing;

   c.  Whether Class members are threatened with irreparable harm or are otherwise entitled to injunctive and other equitable relief; and

   d.  Whether Class members are entitled to payment of equitable monetary relief, actual, incidental, consequential, exemplary and/or statutory damages, plus interest thereon.

## C. TYPICALITY OF CLAIMS

33. Plaintiffs' claims are typical of the claims of members of the Class.  Plaintiffs, either directly and/or through UCAN's members, as well as the members of the Class, were all victims of the illegal practices in question by being wrongfully charged the taxes and fees here at issue, not receiving accurate information from defendants, and not receiving reimbursement of such charges plus interest thereon, as well as an agreement by defendants to provide a clear

1   and conspicuous corrective notice and not to impose such charges in the future. Plaintiffs

2   and all Class members have similarly had their legal rights infringed upon, sustained

3   injuries, losses and damages as described herein and/or are facing irreparable harm arising

4   out of defendants' common course of conduct. The right of each member of the Class to

5   payment of any actual, incidental, consequential, exemplary and/or statutory damages or

6   equitable monetary relief resulting therefrom equally arise from and are attributable to

7   defendants' wrongful conduct in violation of the laws alleged herein, as these claims arise

8   from the same core set of facts.

### D. ADEQUATE REPRESENTATION

34. Plaintiff will fairly and adequately protect the interests of the members of the Class in that

    they have no irreconcilable conflicts with or interests materially antagonistic to those of the

    other Class members. The interests of the plaintiffs are aligned with the interests of the

    absent Class members and are focused in the same direction. Plaintiffs understand the

    nature of these all allegations and their responsibilities as class representatives to represent

    the interests of those persons who have been falsely billed by defendants.

35. Plaintiffs have retained attorneys experienced in the prosecution of class actions, specifically

    including telecommunications class and private Attorney General actions, who have done

    significant work investigating or identifying potential claims in this litigation, who have

    extensive knowledge of the applicable law, and also have committed and will continue to

    commit substantial resources to representing the Class.

### E. SUPERIORITY AND MANAGEABILITY OF CLASS LITIGATION

36. A class action is superior to other available methods for the fair and efficient group-wide

    adjudication of this controversy and possess substantial benefits, as there is no other

    available method for handling this litigation on a group-wide basis on behalf of all affected

persons that has greater practical advantages. Individual joinder of all members of the Class is impracticable as Class members are dispersed throughout the country, and no other group method of adjudication of all claims asserted herein is more efficient and manageable while at the same time providing all the remedies available to ensure the full purpose of the relevant laws at issue are effectuated. Furthermore, as the damages suffered by each individual member of the Class are relatively insubstantial, the liability issues detailed herein predominate and the relief sought is discrete, the expense and burden of individual litigation in order to obtain such relief would make it difficult or impossible for individual members of the Class to redress the wrongs done to them on an individual case-by-case basis, and the cost to the court system of adjudicating such litigation on an individual basis would be substantial. Because of the amounts at stake, Class members would have little interest in individual controlling the prosecution of separate actions, and thus the likelihood of an individual Class member preferring to take control of their litigation is remote; to counsel's knowledge there has not been any substantial litigation concerning this controversy commenced against the parties; and it is not anticipated that there will be any difficulties in the management of this litigation due to the focus of the wrongdoing on defendants' conduct and the level of their knowledge of the true facts, and dew choice of law issues. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same factual issues. Proceeding on an individual basis would thus be grossly inefficient, costly and time-consuming because the parties, witnesses and court would be forced to endure unnecessarily duplicative litigation. The conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and the court system, and protects the rights of each

Class member as compared to other methods for the group-wide adjudication of this controversy. A class action is therefore the only feasible way for plaintiffs and the Class to pursue such claims. Both the Class and the court system achieve substantial benefits by the prosecution of this action on a class-wide basis by avoiding the burden of multiple litigation involving identical claims, as well as by aiding legitimate business enterprises in curtailing illegitimate competition and ensuring a therapeutic and deterrent effect on companies such as defendants that indulge in misleading practices.

37. As the names and addresses of the Class members appear in a computer database under defendants' control, notice of the pendency of and any resolution of this action can be provided to the Class members by defendants through publication and/or individual mailed or electronic notice, and such costs are properly imposed on defendants and/or can be accomplished by including notice in the monthly bills mailed to many of the Class members by defendants, as appropriate.

38. This action is also properly certified to proceed on a class-wide basis because:

    a.  The Prosecution of separate actions by the individual members od the Class would create a risk of inconsistent or varying adjudications with respect to individual Class members, thus establishing incompatible standards of conduct for defendants;

    b.  Because of the nature of the relief fought, the prosecution of separate actions by individual Class members would create a risk of adjudication with respect to them that would, as a practical matter, be dispositive of the interests of the other Class members not parties to such adjudications or would substantially impair or impede the ability of such Class members to protect their interests; and

CLASS ACTION COMPLAINT

c. Defendants have acted or refused to act in respects generally applicable to the Class, thereby making appropriate final injunction relief with regard to the members of the Class as a whole in terms of the equitable relief sought.

## V. FACTUAL ALLEGATIONS

39. Based on information and belief, sales and distribution agreements between Defendants Best Buy and Sprint provided for Best Buy to receive commissions, fees, incentive payments or profits from their sale of Sprint's Evo 4G phone and from the fees for Sprint services collected by Sprint after the sale of the phone  Best Buy was aware of and collected charges for the so-called "Premium Data" plan, knew that such charges were being applied by Sprint to pay for its 4G data network  and knew that many purchasers of the Evo 4G phone would not receive 4G service in the foreseeable future.

40. Defendants hold themselves out as possessing superior knowledge regarding their products and services, particularly in the telecommunications markets they serve.  Defendants provide their products and services for use throughout California and the United States.  Defendants generate millions of dollars each year by providing such products and services.

41. Since at least June 2010 and potentially earlier, Sprint has charged the "Premium Data Charge" to class members' plans.  These charges amount to ten dollars per month per 4G phone customer, and Sprint has sold the 4G phones to tens of thousands of customers.

42. When faced with inquiries over such charges, Sprint representatives either claim they do not know about them or that there is nothing that can be done to stop them.  Sprint spokesman John Taylor on or around May 12, 2010 stated that "[i]f you buy the Sprint 4G Evo, you

have to pay this $10 charge each month.  This is specific to the device.  It's not related to whether you are using 3G or 4G. It is required if you have the phone."[1]

43. Forcing customers to accept charges for services not provided but for which they are billed for – is what is referred to in the telecommunications industry as "cramming."  Defendants' actions resulting in plaintiff and other similarly situated Class members being "crammed" for unauthorized charges they cannot prevent.  Sprint has not refunded such charges with interest thereon.

44. FCC has explicitly recognized that 4G providers such as Sprint  are still obligated to follow consumer obligations, including protecting customer data, preventing "cramming," and "slamming," and complying with the FCC truth-in-billing requirements.

45. To ensure that telecommunications services bills give consumers the essential information they need to protect themselves from fraud and to make informed choices, under federal Truth-In-Billing requirements Sprint's monthly bills must:

    (a) Be clearly organized;

    (b) Identify the service provider associated with each charge;

    (c) Contain full and non-misleading descriptions of charges; and

    (d) Use standardized labels when referring to certain line item charges relating to federal regulatory action, such as local number portability and subscriber line charges.

46. Charges contained on telephone bills must also be accompanied by brief, clear, non-misleading, plain language descriptions of the charges, and be sufficiently clear and specific enough in conveying information to enable customers to accurately assess and understand that the costs assessed for such services conform to their understanding of the amount

---

[1] Quoted by Mark Spoonauer at http://blog.laptopmag.com/sprint-clarifies-required-10-premium-data-charge-on-evo-4g; viewed on September 27, 2010.

charged and the services provided. Sprint's monthly bills have failed to comply with these principles inasmuch as they have concealed the true nature of the so-called "Premium Data" charge. As such, charges never should have appeared on Class members' accounts in the first place.

47. The uniform information presently being made available by Sprint does not disclose that the amounts detailed herein were improperly imposed on and collected from Class members. In fact, Sprint represents material facts to the contrary. These representations and amounts at issue are material, since the portion of non-4G customer charges that are captured by defendants as excess profits or used for the subsidy of 4G services not received by class members are likely to be in the range of several dollars each month. If imposed uniformly, this would likely total in the millions of dollars of bottom line profits to Sprint.

48. Class members have been exposed to one or more of defendants' uniform misrepresentations or omissions of material fact as set forth above. Due to the use of uniform standardized Sprint billing statements and other forms of communication and routine procedures for making such calculations, such representations were uniformly made to all members of the Class. The acts of continuing to make such payments were consistent with customers basing their decisions to pay such amounts upon such amounts upon misrepresentations and omissions of material fact, and thus formed a material part of the basis for the transactions at issue. In addition, either Class members did or it can be reasonably presumed that Class members affirmatively acted in response to defendants' representations contained in uniform statements claiming such amounts were legally due and owing by paying such monies.

49. Most persons possess limited knowledge of such a potential for misleading statements and would not reasonably expect that their monthly bills would include items that are not properly charged to them under the law. Class members can be expected to reasonably

believe that Sprint would not misrepresent the nature of the amounts charged to them as fees and taxes and would not refuse to provide a full credit once the problem was brought to Sprint's attention. As a result, Class members have suffered injury in fact and loss of money or property.

50. Class members have paid such amounts and/or have not received monies with interest thereon, and this are currently owed such amounts.

51. Defendants' failure to abide by their legal obligations and to properly disclose the true facts, as well as their infringement of legal rights of Class members were ongoing throughout the class period and continued to date.

52. Such conduct continues to date, as Sprint is still not disclosing the true facts to Class members and is still signing up and billing new customers without fully disclosing the true facts to Class members and is still signing up and billing new customers without fully disclosing the true facts, or actively misrepresenting the true facts.

53. Any applicable statues of limitation have either not fully accrued or are equitably tolled by defendants' affirmative acts of fraudulent concealment, suppression, and denial of the true facts regarding the existence of the practices at issue herein. Such acts of fraudulent concealment include covering up and refusing to fully and directly disclose to Class members the material facts set forth above. Through such acts of fraudulent concealment, defendants were able to actively conceal from the Class the truth about and justification for defendants' practices, thereby tolling the running of any applicable statutes of limitation. Defendants' conduct is ongoing, as they still refuse to this day to take full responsibility for their actions despite being aware that such conduct has taken place.

## VI. CAUSES OF ACTION

### FIRST CAUSE OF ACTION

(Violation of Business and Professions Code § 17200, et seq.)

54. Plaintiffs hereby incorporate by reference all allegations contained in the preceding paragraphs hereof and further allege as follows:

55. Defendants' acts and practices as detailed above constitute acts of unfair competition. Defendants have engaged in an unlawful, unfair or fraudulent business act and/or practice within the meaning of California Business & Professions Code § 17200 et seq.

56. Defendants' have engaged in "unlawful" business acts and practices by demanding payment from customers for amounts improperly labeled and charged as "fees", "data fees" and "premium data fees" that are not properly imposed on class members' accounts and/or for misleading customers about the nature of these charges and why they were imposed.

57. These business acts and practices violated numerous provisions of law, including. Inter alia, California Civil Code §1565, California Civil Code §1670.5, California Civil Code §1709 and §1770, et seq., and/or the relevant standards referenced above requiring the separate itemization of such charges and prohibiting the charging of "taxes" beyond limits set by the government as a mandated payment or to certain customers, as well as state and fedral anti-cramming sttutes, including 47 U.S.C. §201(b) and Cal. Pub. Util. Code §2890, and also operate as a systematic breach or agreements.  Plaintiffs reserve the right to identify additional violations of law as further investigation warrants.

58. Through the above-described conduct, defendants have engaged in an "unfair" business act or practice in that the justification for such actions, and defendants' refusal to notify all affected persons of their rights and of the true facts based on the business acts and practices described above, is outweighed by the gravity of the resulting harm, particularly considering the available alternatives and/or offenders public policy, is immoral, unscrupulous, unethical

and offensive, or causes substantial injury to persons who either have or may sign up for

such stat plan services.

59. By engaging in the above-described conduct, defendants have engaged in a "fraudulent"

business act or practice in that the business acts and practices described above had a

tendency and likelihood to deceive persons to whom such conduct was and is targeted by

claiming either expressly or impliedly the charges in question were imposed and collected

by Class members at levels permitted by law, when in fact neither is the case.

60. Defendants need only to have violated one of the three provisions set forth above to be held

strictly liable under this Cause of Action.

61. The above-described unlawful, unfair or fraudulent business acts and practices engaged in

by defendants continue to this day and present a threat to the public.  While defendants have

acknowledged the wrongfulness of their actions, they have failed to provide the complete

relief required by this statute, and continue to improperly misdescribe and collect some of

the charges detailed above.

62. Pursuant to California Business & Professions Code §17203, plaintiffs seek an order of this

Court prohibiting defendants from refusing to continue to engage in the unlawful, unfair, or

fraudulent business acts or practices set forth in this Complaint and from failing to fully

disclose the true facts as set forth herein, and ordering defendants to engage in a corrective

informational campaign by clearly and conspicuously correcting the misperceptions created

by their prior misconduct, as well as stop any collection activities or impose any additional

charges relating to the payment of such taxes, fees and surcharges.  Plaintiffs also request

the Court order all appropriate equitable monetary relief to ensure defendants do not retain

any improperly over all monies that defendants unfairly obtained from and/or that rightfully

1  belong to the persons who have a vested ownership interest in such monies, all with interest

2  thereon.

3  SECOND CAUSE OF ACTION

4  (Breach of Contract)

5
6  63. Plaintiffs hereby incorporate by reference all allegations contained in the preceding

7  paragraphs hereof and further allege as follows.

8  64. By signing up Class members for data service plans and sending them monthly bills

9  demanding payment for such service, defendants entered into a series of standardized

10  express or implied-in-fact agreements or incurred obligations through implied-in-law

11  contracts where they contracted and warranted that certain costs listed on monthly bills and

12  imposed by Sprint were properly disclosed and imposed and separately itemized, not

13  labeled or described in a way that could mislead Class members, and were permitted by law

14  to be charged or were required to be collected and paid by government mandate. In fact,

15  to be charged or were required to be collected and paid by government mandate. In fact,

16  defendants have imposed the above-identified charges in a manner that is not legally proper

17  and that were not properly claimed as due and owing from the Class members. Such

18  uniform agreements also contained an implied covenant of good faith and fair dealing that is

19  imposed as a matter of law in all agreements that also prohibit imposing such charges.

20  Defendants' own reasons for refusing to comply with such contractual obligations here at

21  issue could not reasonably be discovered by members of the Class at the time they entered

22  into these agreements.

23
24  65. As alleged above, defendants breached these contracts, covenants, and warranties by

25  misrepresenting that the above described fess, surcharges and taxes were due and owing

26  when in fact they were not under the law. Indeed, for many of the charges at issue

27  defendants have admitted it was a mistake to have done so, entitling class members to full

28

restitution.  Defendants also breached these contracts by failing to timely provide full notice of the nature of charges imposed, or by interpreting the agreements in such a way to make them unconscionable and therefore void or voidable.  The Class members either are or were willing to abide by all conditions legally imposed upon them under the agreements, and have paid such monies.

66. Defendants' breach of these contracts, covenants and warranties caused the members of the Class to suffer damages in an amount to be proven at trial.  In addition, defendants were unjustly enriched as a result of imposing and collecting such improper charges and thus must restore Class members to their original position by returning such monies and paying full restitution.  Members of the Class are also entitled to an order of the Court requiring defendants pay pre-judgment interest and to comply with their legal contractual obligations and/or voiding such agreements as being unconscionable as interpreted by defendants.

### THIRD CAUSE OF ACTION

(Violation of the California Consumer legal Remedies Act)

67. Plaintiffs hereby incorporate by reference all allegations contained in in the preceding paragraphs hereof and further allege as follows. The cause of action is asserted by Mr. Salvatierra in his capacity as consumer on behalf of all Class members who are consumers under the law.

68. The California Consumers Legal Remedies Act. Cal. Civ. Code §1750, et seq.  ("CLRA"), has adopted a comprehensive statutory scheme prohibiting various deceptive practices in connection with the conduct of a business providing goods, property or services to consumers primarily for personal, family or household purposes.

69. The transactions, policies, acts and practices engaged in by defendants and alleged herein were intended to and/or did result in the continued sale of the services here at issue to a

significant number of members of the Class who use such services primarily for personal, family, or household purposes.

70. Sprint uniformly represented the charges detailed above were due and owing from Class members and failed to disclose, misrepresented and/or mislabels such charges.  In so doing, defendants violated, and continued to violate, the CLRA in at least the following respects:

a.    In violation of California Civil Code §1770(a)(2), defendants misrepresented the approval or certification or services;

b.    In violation of California Civil Code §1770(a)(5), defendants' acts and practices constitute misrepresentations that the services in question have characteristics, benefits or uses that they do not have;

c.    In violation of California Civil Code §1770(a)(9), defendants advertised the services at issue with the intent not to sell them as advertised or represented;

d.    In violation of the California Civil Code 1770(a)(14), defendants have misrepresented that a transaction confers or involves legal rights , obligations, or remedies or certain members of the Class concerning the services at issue when it does not or which are prohibited by law;

e.    In violation of California Civil Code §1770(a)(16), defendants represented that the services were supplied in accordance with previous representations when they were not; and

f.    In violation of California Civil Code §1770(a)(19), to the extent they claim they had a contractual right to impose such charges or that such claims could only be asserted on a non-class basis in an arbitral forum, defendants  attempted to insert an unconscionable provision in an agreement.

71. Members of the Class who are entitled to relief under CLRA have had their legal rights infringed upon by the defendants and have suffered irreparable harm, entitling them to both injunctive relief and restitution.

72.     In compliance with the provisions of California Civil Code §1782, plaintiff is giving written notice to Sprint of the intention to seek damages under California Civil Code 1750, et seq., unless Sprint provides an appropriate correction or refund plus interest and other appropriate relief to all Class members entitled to relief under CLRA.

73. If Sprint fails to provide such relief and adequately respond to the demand to stop charging such fees in toto, provide clear and unambiguous notice of the change, pay refunds and interest and otherwise rectify the wrongful conduct described above on behalf of all Class members who may be entitled to relief under the CLRA, plaintiff will seek and award of all actual and exemplary damages permitted for violation of the CLRA, including for statutory damages of $1,000 and/or up to $5,000 per customer who qualify as a "senior citizen" under the CLRA.  The Class members are presently entitled to and plaintiffs seeks, pursuant to California Civil Code§1780(a)(2), and order enjoining the above described wrongful acts and practices of defendants, providing restitution to all members of the Class who are so entitled, ordering the payment of costs and attorneys' fees, and such other relief as deemed appropriate and proper by the Court under California Civil Code §1780.

74. Plaintiffs herby incorporate by reference all allegations contained in the preceeding paragraphs hereof and further allege as follows.

75. There currently exists between the parties an actual controversy regarding the respective rights and liabilities of the parties regarding, inter alia, the need for defendants to accurately disclose or correct disclosure of the taxes, fees and surcharges in question and/or the need of defendants to stop charging these amounts and restore some or all amounts that were not

required to be paid by Class members based on these misrepresentations, as alleged in detail above. To the extent defendants claim such claims must only be asserted on a non-class basis in an arbitral forum, there also currently exists a dispute among between the parties as to the enforceability of such a provision under binding Ninth Circuit precedent.

76. Plaintiffs, members of the Class and the general public may be without adequate remedy at law, rendering declaratory relief appropriate in that:

    a.    Damages may not adequately compensate the Class members for the injuries suffered, nor may other claims permit such relief;

    b.    The relief sought herein in terms of ceasing such practices, providing a full and complete corrective disclosure and/or declaring there is no obligation of Class members to pay such monies may not be fully accomplished by awarding damages; and

    c.    If the conduct complained of is not enjoined, harm will result to Class members because defendants' wrongful conduct is continuing, claims are unresolved, persons are entitles to the direct monies taken from them, defendants may be adversely affecting Class members' credit histories or reporting them to collections, and obligation for so many Class members or members to continue to pay such sums is still allegedly outstanding.

77.    Class members may suffer irreparable harm if determination of the parties' rights and obligations is not ordered.

78. Accordingly, plaintiffs request the Court issue an order granting the following declaratory relief:

    a.    That the judicial determination and declaration be made of the rights of the Class members and the corresponding responsibilities of defendants, including a

determination that any claim that such claims can only be  asserted on a non-class basis in an

arbitral forum in unconscionable and unenforceable under binding Ninth Circuit precendent;

b.      That defendants be ordered to provide notice in clear and conspicuous

language to  customers of the purpose for all taxes, fees, and surcharges they impose, and

the true nature of such charges, and to make such charges consistent  with their

representatyions or legal obligations; and/or

c.      An order declaring defendants are obligated to pay restitution to all members

of the Class as appropriate and/or otherwise pay over all funds Sprint  wrongfully acquired

either directly or indirectly as a result of imposing improper charges under false pretenses

and by which defendants were unjustly enriched.

## FIFTH CAUSE OF ACTION

(Violation of the Federal Communications Act, 47 U.S.C. §201(b))

79. Plaintiffs hereby incorporate by reference all allegations contained in the preceding

paragraphs hereof and further allege as follows.

80. Section 201(b) of the Federal Communications Act requires: "All charges, practices,

classifications, and regulations for and in connection with the interstate communications by

radio shall be just and reasonable, and any such charge, practice, classification, or regulation

that is unjust or unreasonable is declared to be unlawful."

81. Sprint 's practice of collecting the charges set forth in detail above, and refusing to return

such monies and/or disseminating bills that do not provide accurate information to

customers as required by law, was unjust and unreasonable and in violation of §201(b) of

the Federal Communication Act, 47 U.S.C. §201(b).

82. Pursuant to FCC Declaratory Ruling 22 F.C.C.R. 5901, information services are not subject

to Title II provisions of the Federal Communications Act.  As such, Class members are

exempt from paying any Title II obligations.  Any charges associated with "telecommunications services" charged to data services only customers are unjust and unreasonable, as are any charges that are a result of "cramming" such as the data charges at issue herein.

83. Members of the Class suffered damages and will continue to suffer damages as a result of the above-described violations and Sprint 's failure to refund previously collected monies, in an amount to be determined at trial.

84. Pursuant to, inter alia, §§206 and 207 of the Federal Communications Act, 47 U.S.C. §§206 and 207, members of the Class are entitled to recover the full amount of damages sustained due to Sprint 's above-described violations and obtain appropriate injunctive relief, together with reasonable attorneys' fees and costs.

SIXTH CAUSE OF ACTION

(Money Had and Received and Unjust Enrichment)

85. Plaintiffs hereby incorporate by reference all allegations contained in the preceeding paragraphs herein and further allege as follows.

86. As the result of defendants' illegal agreements and billing statement, plaintiffs and the Class members paid money and conferred a benefit upon defendants that was originally in the Class members' possession as result of fraud, payment under compulsion or mistake.  Defendants received and retained this benefit under such circumstances that it would be inequitable and unconscionable to permit defendants to retain this benefit without returning its reasonable value to plaintiffs and the Class members.  In fairness, all such monies, including all interest Sprint has earned on such monies while in wrongful possession thereof, should be paid to members of the Class.

87. As directed and proximate result of defendants' unjust enrichment, plaintiffs and Class members suffered injury, and therefore seek an order directing defendants to return that amount each of them improperly were required to pay to defendants, plus interest thereon, as well as impose a constructive trust over such monies.

### SEVENTH CAUSE OF ACTION

#### (Conversion)

88. Plaintiffs hereby incorporate by reference all allegations contained in the preceeding paragraphs herein and further allege as follows.

89. Class members were the owners and possessors of certain personal property (i.e., money). As the result of defendants' misleading billing statements, Class members transferred personal property to defendants that defendants admittedly were not entitled to under the law. Defendants received and retained such monies for their personal benefit and use, and with knowledge of the facts as detailed herein failed to return such monies to members of the Class. Defendants have thus actually interfered with the Class members' right to possess such monies.

90. As a direct and proximate result of defendants' conduct, plaintiffs and Class members suffered injury, damage, loss or harm and therefore seek and order directing defendants to return to them the amount each of them improperly paid to defendants, plus interest thereon, reasonable compensation for the time expended in seeking return of such monies, and exemplary damages as such conduct was willful, malicious, oppressive and fraudulent.

### EIGHTH CAUSE OF ACTION

#### (Cramming)

91. Plaintiffs hereby incorporate by reference all allegations contained in the preceeding paragraphs and further allege as follows.

92. Sub-class members who are residents of California are entitled to the protection of California laws.

93. California Public Utilities Code §2890 requires that: "a telephone bill [to] only contain charges for products and services, the purchase of which the subscriber has authorized."

94. The charges as set forth above were not authorized by Sub-class members, as they were not properly charged to them. Sub-class members are entitled to protection under Pub. Util. Code §2890, and are entitled to an order demanding Sprint undertake such steps as are necessary so as to comply with state law. Such Sub-class members are also entitled to an order that Sprint make and pay any and all reimbursements and remedies available under Sections 2107, 2108, 21134 of the Pub. Util. Code to Mr. Salvatierra and all similarly situated Sub-class members.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, plaintiffs pray for judgment against defendants, and each of them, jointly and severally as follows and as appropriate to the particular Causes of Action:

(1)     An Order certifying the plaintiff Class and Sub-class and appointing plaintiffs and their counsel to represent the Class and Sub-class;

(2)     For declaratory, equitable, injunctive and/or monetary relief as requested in the Causes of Action as appropriate for the particular Causes of Action;

(3)     For actual, direct, incidental, consequential, statutory and exemplary damages, as appropriate for the particular Causes of Action;

(4)     For pre- and post-judgment interest;

(5)     For attorneys' fees and costs of suit pursuant to, inter alia, the common fund and private Attorney General doctrines, California Code of Civil Procedure §1021.5 and/or the statutory Causes of Action asserted herein, as may be appropriate; and

(6) For such other and further relief as this Court may deem just and proper.


## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury on all claims so triable and an advisory jury for factual determination on all equitable claims.

DATED: September 30, 2010

Ronald A. Marron
LAW OFFICES OF RONALD A. MARRON, APLC
Attorney for David Salvatierra

# EXHIBIT A



**EXHIBIT B**

# The Recommendation...

**BEST BUY mobile™**

## You

Your name: David Salvatierra

Mobile number: 614-854-3582

Best time to contact: 184420

You're eligible for an upgrade on

☐ Text   ☐ Ca...

Carrier plan and minutes

Features

## Your perfect phone would have

Internet   E-mail   Mu:ic & MP3   Video & Photo

TV   Navigation   Gaming   Texting   Unlocked

## How do you connect to the Internet?

Date

## Our recommendations

Carrier plan and minutes: 1500 mj sharl

Phone(s): 2 Samsung Epic

Features and Data Plans: $10 pre.data

## Walk Out Working™

Data Transfer          Personal e-mail set-up

Free Application       Bluetooth Pairing

Unlocked Phone set-up  Other

## Solutions

Best Buy Mobile promises you:
• A better choice of phones and networks
• Impartial and informed advice
• Straightforward pricing
• Someone to be there for the life of your phone

Bluetooth

Memory _____ GB

Cases

Shields

Chargers

Applications

Other

Geek Squad® Black Tie Protection    8.99

## Notes

## Mobile Phone Specialist contact info

311 000601

Important: Due to the fast changing nature of this market, all offers, prices and availability are subject to change



## For Your Records

### Welcome Call – *New Customers only*

In order to serve you better, the first outgoing call from your new handset will be redirected to our Welcome Center.

### Term Commitment

**Order Date:**   **Duration:** (See respective accounts)

 **(Customer initials)** I understand that I will be charged an Early Termination Fee of up to $200 if I cancel my service prior to the end of my term.

### Your Charges / Credits

**Charges**
Activation Fee *(Activation fee: $36 1ˢᵗ Line, $36 Fee per Add'l Line)*

| | |
|---|---|
| Upgrade Fee | $36.00 |
| Equipment Fee | |
| Security Deposit | $0.00 |

**Promotions** *(Promotions will be credited in the upcoming bill cycles)*
Activation Fee Credit
Upgrade Fee Credit
First Month Service Credit
Flat Service Credit

| Price Plan | | Sub Total |
|---|---|---|
| 1 | Everything Data Share 1500 | $139.99 |
| 1 | Everything Data Share 1500 | $29.99 |

*This shows monthly charges for all subscriptions on your account*

*Your 1ˢᵗ bill may be higher than you expected due to:*
- Partial-month charges
- Activation fee
- Full-month charges in advance
- Equipment billed to your account
- Casual text or data usage

- Monthly charges exclude taxes, Sprint Surcharges [incl. USF charge of up to 12.9% (varies quarterly), Administrative Charge (up to $1.99/line/mo.), Regulatory Charge ($0.40/line/mo.) & state/local fees by area]. Sprint Surcharges are not taxes or gov't-required charges and are subject to change. Details: sprint.com/taxesandfees.
Washington Customers: Sprint chooses to collect Washington State B&O Fee of 0.471% of your monthly billed charges to recover its costs.

### Your Information

**Customer:** DAVID SALVATIERRA
**Account #:** 850297724
**Address:**

Sprint is taking extra steps to further protect your personal and account information. For your enhanced security, you have created a Personal Identification Number (PIN) and selected a security question and answer, in case you forget your PIN. Your PIN will allow access to your account when calling Nextel Customer Care or visiting a retail location. *For your future reference, please record your PIN and selected security question and answer (if applicable):*

**Personal Identification Number (PIN):**
**Security Question:**
**Security Answer:**

### Sprint.com



Sprint offers quick and easy options for managing your account online. Visit sprint.com today.

- Add a line to your account or upgrade your phone
- View activity and minutes of use
- Pay your bill, change bill detail & view billing history
- Reset your voicemail password
- Manage wireless downloads
- Update your contact information
- View coverage information

### Our Guarantee

Sprint is committed to ensuring that you are satisfied with your service plan, phone and our network. *You'll benefit from:*

**30 Day Sprint Free Guarantee:** As a new or existing customer adding a new line of service, we'll give you 30 days to try us for free. If you're not completely satisfied with our network, phones, plans or customer service within 30 days, simply cancel service and return your undamaged device. We'll give you your money back. Refund excludes usage not included in plan, premium content, 3ʳᵈ party billing and international. Visit sprint.com/returns for full details.

**30 Day Satisfaction Guarantee:** If you're an existing customer upgrading your device, enjoy the benefit of trying your new device for 30 days. If you are not completely satisfied with your device, simply return your undamaged device within 30 days. We'll refund your device cost and activation fee. A $35 restocking fee may apply. Visit sprint.com/returns for full details.

**Right Plan Promise:** Our Right Plan Promise allows you to change your plan without extending your contract. If your needs change, so can your plan.

**"New For You" Handset Upgrades:** Enjoy rewards for your loyalty by receiving savings of up to $150 off devices when you have been a customer for 22 consecutive months. Visit sprint.com/upgrades for full program details and eligibility.

**Order Number:**  - UPGRADE - 2712474836480000577

Page 2

## Price Plan Details

| 1. Everything Data Share 1500 | | $129.99 | 2. Everything Data Share 1500 | | $19.99 |
|---|---|---|---|---|---|
| Premium Data | | $10.00 | Premium Data | | $10.00 |
| | | | | | |
| | | | | | |
| | | | | | |
| | | $0.00 | | | $0.00 |
| | | $0.00 | | | $0.00 |
| | | $0.00 | | | $0.00 |
| Promotional Plans/Credits | Price | Duration | Promotional Plans/Credits | Price | Duration |
| Duration: 24   Total Customers on Plan: | X | 1 | Duration: 24   Total Customers on Plan: | X | 1 |
| 3. | | $0.00 | 4. | | $0.00 |
| | | | | | |
| | | | | | |
| | | | | | |
| | | $0.00 | | | $0.00 |
| | | $0.00 | | | $0.00 |
| | | $0.00 | | | $0.00 |
| Promotional Plans/Credits | Price | Duration | Promotional Plans/Credits | Price | Duration |
| Duration:   Total Customers on Plan: | X | | Duration:   Total Customers on Plan: | X | |
| 5. | | $0.00 | 6. | | $0.00 |
| | | | | | |
| | | | | | |
| | | | | | |
| | | $0.00 | | | $0.00 |
| | | $0.00 | | | $0.00 |
| | | $0.00 | | | $0.00 |
| Promotional Plans/Credits | Price | Duration | Promotional Plans/Credits | Price | Duration |
| Duration:   Total Customers on Plan: | X | | Duration:   Total Customers on Plan: | X | |
| 7. | | $0.00 | 8. | | $0.00 |
| | | | | | |
| | | | | | |
| | | | | | |
| | | $0.00 | | | $0.00 |
| | | $0.00 | | | $0.00 |
| | | $0.00 | | | $0.00 |
| Promotional Plans/Credits | Price | Duration | Promotional Plans/Credits | Price | Duration |
| Duration:   Total Customers on Plan: | X | | Duration:   Total Customers on Plan: | X | |

** Family and Share plan rates may vary by subscriber. True Primary Line (highest MRC) is not known until activation.

Order Number:   - UPGRADE - 27124748364800000577

Page 3

## Account Holders Service Details

1. Phone #:  (619) 654-3582
   Direct Connect #:
   Username:
   Handset Serial #: 000003379101548
   ESN/ MEID:  268435459601246950
   SIM Card ID:
   Security Code: 374357

2. Phone #:  (619) 805-7829
   Direct Connect #:
   Username:
   Handset Serial #: 000006198653050
   ESN/ MEID: 268435459601252218
   SIM Card ID:
   Security Code: 947980

3. Phone #:
   Direct Connect #:
   Username:
   Handset Serial #:
   ESN/ MEID:
   SIM Card ID:
   Security Code:

4. Phone #:
   Direct Connect #:
   Username:
   Handset Serial #:
   ESN/ MEID:
   SIM Card ID:
   Security Code:

5. Phone #:
   Direct Connect #:
   Username:
   Handset Serial #:
   ESN/ MEID:
   SIM Card ID:
   Security Code:

6. Phone #:
   Direct Connect #:
   Username:
   Handset Serial #:
   ESN/ MEID:
   SIM Card ID:
   Security Code:

7. Phone #:
   Direct Connect #:
   Username:
   Handset Serial #:
   ESN/ MEID:
   SIM Card ID:
   Security Code:

8. Phone #:
   Direct Connect #:
   Username:
   Handset Serial #:
   ESN/ MEID:
   SIM Card ID:
   Security Code:

9. Phone #:
   Direct Connect #:
   Username:
   Handset Serial #:
   ESN/ MEID:
   SIM Card ID:
   Security Code:

10. Phone #:
    Direct Connect #:
    Username:
    Handset Serial #:
    ESN/ MEID:
    SIM Card ID:
    Security Code:

11. Phone #:
    Direct Connect #:
    Username:
    Handset Serial #:
    ESN/ MEID:
    SIM Card ID:
    Security Code:

12. Phone #:
    Direct Connect #:
    Username:
    Handset Serial #:
    ESN/ MEID:
    SIM Card ID:
    Security Code:

13. Phone #:
    Direct Connect #:
    Username:
    Handset Serial #:
    ESN/ MEID:
    SIM Card ID:
    Security Code:

14. Phone #:
    Direct Connect #:
    Username:
    Handset Serial #:
    ESN/ MEID:
    SIM Card ID:
    Security Code:

15. Phone #:
    Direct Connect #:
    Username:
    Handset Serial #:
    ESN/ MEID:
    SIM Card ID:
    Security Code:

16. Phone #:
    Direct Connect #:
    Username:
    Handset Serial #:
    ESN/ MEID:
    SIM Card ID:
    Security Code:

17. Phone #:
    Direct Connect #:
    Username:
    Handset Serial #:
    ESN/ MEID:
    SIM Card ID:
    Security Code:

18. Phone #:
    Direct Connect #:
    Username:
    Handset Serial #:
    ESN/ MEID:
    SIM Card ID:
    Security Code:

Order Number:  - UPGRADE - 271247483648000000577

Page 4

## Other Important Information

Carefully review the information in this Subscriber Agreement, the plans and coverage brochures for the services selected, and the General Terms & Conditions (Ts&Cs) of service, which together form the Service Agreement. The Service Agreement includes full service and coverage details, as well as other important terms (e.g. mandatory arbitration of disputes, limitations of liability, disclaimer of warranties, etc.). *Please also note:*

- We may make changes to the Ts&Cs or other parts of the Service Agreement from time-to-time and will provide you notice of any important changes. The Ts&Cs set forth your rights in the event we make an important change. To ensure you have the most current version of our Ts&Cs go to www.sprint.com or contact Customer Service.
- Except for deactivations under our return policy, if your service is modified or terminated before the end of your bill cycle, no credit or refund will be provided for unused minutes or other services, and monthly service charges will not be prorated to the date of termination.
- Your first call may be automatically directed, regardless of the number dialed, to a Sprint Nextel Welcome representative. During this call, the representative will review with you the rate plan and services you selected and ensure your needs are addressed.
- Wireless Products and Services for business accounts are exclusively governed by the Standard Terms and Conditions for Communications Service, the Wireless Services Product Annex, and the applicable Product specific terms posted at http://www.sprint.com/ratesandconditions. Additional terms and conditions for Equipt for Business customers may be found at http://www.sprint.com/equipt. Rates and charges are listed in the Plans brochure for business customers.

 **(Customer Initials)** I have been provided: (a) Plans brochure containing detailed pricing and other important information related to the services selected; (b) coverage map brochure; (c) the Ts&Cs.; and (d) I have reviewed the Insurance & Repair Options and understand that I have 30 days from activation to opt-in.

The SERVICE AGREEMENT includes this Subscriber Agreement, the General Terms and Conditions, and the specific terms & conditions of the service(s) activated on your account. By signing below, you agree: (a) you have received, clearly understand and agree to all terms in the Service Agreement; (b) you are at least 18 years of age; (c) if acting on behalf of a business, you have authority to legally bind business & agree to pay all charges if that business denies responsibility; and (d) if requested, providing your consent for Sprint to proceed with porting your current landline or wireless telephone number.

Customer Signature _____                  Date 09/24/2010

Sales Agent Name: a165637

## Total Equipment Protection — $7/mo.

Total Equipment Protection (TEP)* is a combined service warranty and insurance plan you can purchase for each device on your account. You may buy TEP within the first 30 days of activation or upgrade on your device, and you may cancel anytime without paying a cancellation fee.

**Insurance portion: water or other liquid damage, accidental damage, loss, or theft**

Deductible –$50 or $100 non-refundable, per approved claim depending on model. See deductible schedule in TEP brochure or visit www.sprint.com/TEP for a complete list of phone models and deductible amounts.

Replacement devices –May be new or refurbished or a different brand, model, or color than your original device. Compatibility with current accessories is not guaranteed.

Limit –up to 3 approved replacements within any consecutive 12-months (up to $1000 per claim)

To file a claim, visit www.phoneclaim.com/sprint or call Asurion at 800–584–3666. You will get another device under the insurance plan within 1 to 2 business days of approval.

**Service warranty portion: failure due to mechanical and electrical failure, normal wear and tear, or defects**

Deductible –$0

To get your device repaired under the service warranty plan, go to a Sprint Phone Repair Center and it will be repaired or replaced in 2 days or less.

* Total Equipment Protection is a combination of the Equipment Replacement Program underwritten by Continental Casualty Company, a CNA company (CNA), and administered by Asurion Protection Services, LLC (Asurion Protection Services Insurance Agency, LLC CA Lic. #OD63161), a licensed agent of CNA and the Equipment Service and Repair Program which is an equipment service contract from Sprint. The service contract and the insurance plan are each available separately. Please see the Total Equipment Protection brochure available at any participating retail location or visit www.sprint.com/protection for complete terms of coverage. Terms and conditions are subject to change. May not be available in all states. Eligibility varies by device.

## Early Termination Fees

An early termination fee (ETF) of up to $200 per line applies if you terminate service early.

Contracts starting after 11/2008 are subject to Sprint's prorated policy ($200 through month 5 of term, decreasing $10 a month until $50 minimum applies to remaining term).

For more information, visit www.sprint.com/etf.

## Data and Text Messaging

**Text Messaging**
If you don't have a text messaging plan, sent and received text messages cost $.20 each (for both solicited and unsolicited messages).

**Data Usage**
If you don't have a data pack, you are still able to use the Internet on your phone. However, without the data pack, doing things like buying a ringer, buying a song, checking email, or browsing websites will cost a per KB download fee of $0.03/KB.

For example, buying a ringer with a data pack costs $2.50, but without a data pack you will be charged an additional per KB download fee of about $2.65. Buying a song with a data pack is $0.99, but without a data pack you will be charged an additional per KB download fee of about $31.50.

**Notice:** Sprint can help prevent the transmission of material harmful to minors on certain devices by allowing access to a limited number of websites or restricting Internet access. For more information, call *2 or ask your rep.

## Contact Us

Call airtime free from your wireless phone:
Dial * 2: *Customer Service*        Dial * 4: *Check your minutes and account balance*
Dial * 3: *Make a payment*        Dial * 5: *Customer Service - Spanish*
Toll-Free Customer Service: 888–211–4727
Toll Free Business Care: 800–927–2199
Sales, upgrades, or additional lines: 800-SPRINT1

## Internal Use Only

Rebate Eligibility Code:

Order Number:  - UPGRADE - 27124748364800000577

v080810

WELCOME TO BEST BUY #2712
NATIONAL CITY, CA 91950
(619)472-1437
Keep your receipt!

2712 077 0962 09/27/10     18:40 0204942

**RETURN**

ORIGINAL TRAN 2712 078 1096  09/24/10

1168955     SPHD700BKS              49.99-
SPRINT SAMSUNG EPIC 4G
PLAN # 3523887325
ITEM TAX 57.52-
268435459515202224
6196543582
9109902   MTHLY WIREL               9.99- N
MTHLY WIRELESS $350 AND UP BT
GSBTP#    3523887325

                    SUBTOTAL      59.98-
              SALES TAX AMOUNT   57.52-

                    TOTAL        117.50-

                    CASH         117.50

* indicates discount price
+ indicates clearance price
N indicates non tax item

YOUR CUSTOMER SERVICE PIN IS:
2712 077 0962 092710

------------------------------------------
BEST BUY VALUES YOUR FEEDBACK!!
TAKE OUR SURVEY AND ENTER FOR A CHANCE TO
WIN A $5,000 BEST BUY SHOPPING SPREE!!

Visit http://www.bestbuycares.com
Cuestionario en Espanol tambien

& enter the following codes:

    Group A:    791027

    Group B:    72782

    Group C:    099765

NO  PURCHASE  NECESSARY.  Must be legal
resident of 50 US/DC/PR, 18 or older
(except residents of AL and NE who
must be 19 years of age or older).
2 Drawing Periods:
8/29/10 - 11/27/10 & 11/28/10 - 2/26/11.
Limit 3 entries per Drawing Period.
For free entry & other details, see
Official Rules at website or store.
Void where prohibited.
------------------------------------------

WELCOME TO BEST BUY #2712
NATIONAL CITY, CA 91950
(619)472-1437
Keep your receipt!

Val #: 1230-3636-4847-0816

2712 078 1096 09/24/10     19:03 0165637

SOLUTIONS PLUS 273395********************
1168955     SPHD700BKS             249.99 *
SPRINT SAMSUNG EPIC 4G
                400.00 PACK DISC
ITEM TAX 57.52
7314667   QUAL 24 MO+               0.00
SPRINT - 2 YR UPGRADE STANDAR
       ************************
SOLUTIONS PLUS 273395********************
1168955     SPHD700BKS              49.99
SPRINT SAMSUNG EPIC 4G
REG $649.99  600.00 DISC
ITEM TAX 57.52
7314667   QUAL 24 MO+               0.00
SPRINT - 2 YR UPGRADE STANDAR
       ************************
8872464   ACTIVATION
ACTIVATION ORDER ID                 0.00
9109902   MTHLY WIREL               9.99  N
MTHLY WIRELESS $350 AND UP BT
GSBTP#    3523887325
SKU #     1168955
EXP DATE  09/24/2012
9111123   BBYM BTP PO               0.00
BBYM BTP POSTING ADVANCED TIE

                    SUBTOTAL      309.97
              SALES TAX AMOUNT   115.04

                    TOTAL        425.01

xxxxxxxxxxxx6820    DEBIT        425.01
DAVID  SALVATIERRA
APPROVAL 131453
REFERENCE NUMBER: 2712078

HARDWARE/SOFTWARE
You purchased the following:
SPRINT SAMSUNG EPIC 4G
ESN/MEID: 268436459601252218
MDN/Mobile Phone Number: 6198057829

SERVICE AND SERVICE OPTIONS
You want the following service plans :
L--QUALIFIED STD UPGD-2YR T - 7314667
Thank you for purchasing your Sprint
phone and service at Best Buy.
If you wish to change or cancel your
service please return
with your phone to a Best Buy store.

For Best Buy Representative:
Please call your Sprint
dedicated hotline for deactivation.

HARDWARE/SOFTWARE
You purchased the following:
SPRINT SAMSUNG EPIC 4G
ESN/MEID: 268435459601246950

WELCOME TO BEST BUY #2712
NATIONAL CITY, CA 91950
(619)472-1437
Keep your receipt!

Val #: 1234-3596-5379-5484

2712 077 0964 09/27/10    18:49 0204942

**EXCHANGE**

ORIGINAL TRAN 2712 077 0926  09/25/10

RETURN ITEMS
1168955   SPHD700BKS           249.99-.
  SPRINT SAMSUNG EPIC 4G
          400.00 DISC
  ITEM TAX 57.52-
  268436459515202224
  6196543582

SALE ITEMS
SOLUTIONS PLUS 273396*******************
9895819   APA9292KT            199.99 *
  SPRINT HTC EVO 4G
          400.00 PACK DISC
  ITEM TAX 51.78
7314667   QUAL 24 MO+            0.00
  SPRINT - 2 YR UPGRADE STANDAR
          ********************
SOLUTIONS PLUS 273396*******************
9895819   APA9292KT            199.99 *
  SPRINT HTC EVO 4G
          400.00 PACK DISC
  ITEM TAX 51.76
7314667   QUAL 24 MO+            0.00
  SPRINT - 2 YR UPGRADE STANDAR
          ********************
9109902   MTHLY WIREL            9.99 N
  MTHLY WIRELESS $360 AND UP BT
  GSBTP#    3625651905
  SKU #     9895819
  EXP DATE 09/27/2012
9111123   BBYM BTP PO            0.00
  BBYM BTP POSTING ADVANCED TIE
                          ------------
            SUBTOTAL    159.98
     SALES TAX AMOUNT    46.02
                          ==========
               TOTAL    206.00

               CASH     137.50
               DEBIT     68.50
xxxxxxxxxxxx6820
DAVID SALVATIERRA
APPROVAL 631918
REFERENCE NUMBER: 2712077

HARDWARE/SOFTWARE
You purchased the following:
SPRINT HTC EVO 4G
ESN/MEID: 270113179509070424
MDN/Mobile Phone Number: 6198057829

SERVICE AND SERVICE OPTIONS
You want the following service plans :
L--QUALIFIED STD UPGD-2YR T - 7314667
Thank you for purchasing your Sprint
phone and service at Best Buy.
If you wish to change or cancel your
Service please return
with your phone to a Best Buy store.

For Best Buy Representative:
Please call your Sprint

WELCOME TO BEST BUY #2712
NATIONAL CITY, CA 91950
(619)472-1437
Keep your receipt!

Val #: 1231-6944-0745-6826

2712 077 0926 09/25/10      14:49 0166803

**EXCHANGE**

ORIGINAL TRAN 2712 078 1096  09/24/10

RETURN ITEMS
1168955   SPHD700BKS
  SPRINT SAMSUNG EPIC 4G         249.99-
          400.00 DISC
  PLAN # 3523887325
  ITEM TAX 67.52-
  268435459601246950
  6196543582

SALE ITEMS
1168955   SPHD700BKS
  SPRINT SAMSUNG EPIC 4G         249.99
          400.00 DISC
  ITEM TAX 57.52
                          ==========
                 TOTAL      0.00

HARDWARE/SOFTWARE
You purchased the following:
SPRINT SAMSUNG EPIC 4G
ESN/MEID: 268436459515202224
MDN/Mobile Phone Number: 6196543582

SERVICE AND SERVICE OPTIONS
You want the following service plans :
L--QUALIFIED STD UPGD-2YR T - 7314667
Thank you for purchasing your Sprint
phone and service at Best Buy.
If you wish to change or cancel your
Service please return
with your phone to a Best Buy store.

For Best Buy Representative:
Please call your Sprint
dedicated hotline for deactivation.

YOUR CUSTOMER SERVICE PIN IS:
2712 077 0926 092510

--------------------------------------------
BEST BUY VALUES YOUR FEEDBACK!!
TAKE OUR SURVEY AND ENTER FOR A CHANCE TO
WIN A $5,000 BEST BUY SHOPPING SPREE!!

Visit http://www.bestbuycares.com
Cuestionario en Espanol tambien

& enter the following codes:

Group A:   791027

*JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

SALVATIERRA, DAVID, on behalf of himself, and all others similarly situated, as applicable

## DEFENDANTS

SPRINT SOLUTIONS, INC.; SPRINT SPECTRUM L.P.; SPRINT CORPORATION; and BEST BUY COMPANY

**(b)** County of Residence of First Listed Plaintiff  San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  Delaware
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Law Offices of Ronald A. Marron
3636 Fourth Ave., Ste. 202, San Diego, CA 92103, 619.696.9006

Attorneys (If Known)

'10 CV 2044 BEN BGS

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question (U.S. Government Not a Party)
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence
  Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus - Alien Detainee
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☒ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Federal Communication Act, 47 U.S.C. section 201(b); 28:1332 ca 28

Brief description of cause:
Defendants wrongfully charged data service charges.

## VII. REQUESTED IN COMPLAINT:

☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):

JUDGE

DOCKET NUMBER

DATE
09/30/2010

SIGNATURE OF ATTORNEY OF RECORD
Ronal A. Marron

**FOR OFFICE USE ONLY**

RECEIPT # 18619    AMOUNT $350    9/30/10 BLP    APPLYING IFP    JUDGE    MAG. JUDGE

```
Court Name: USDC California Southern
Division: 3
Receipt Number: CAS018619
Cashier ID: bhartman
Transaction Date: 09/30/2010
Payer Name: RONALD A MARRON
---------------------------------
CIVIL FILING FEE
 For: SALVATIERRA V SPRINT SOLUTIONS
 Case/Party: D-CAS-3-10-CV-002044-001
 Amount:       $350.00
---------------------------------
CHECK
 Check/Money Order Num: 1513
 Amt Tendered:  $350.00
---------------------------------
Total Due:     $350.00
Total Tendered: $350.00
Change Amt:    $0.00


There will be a fee of $45.00
charged for any returned check.
```