UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID SALVATIERRA, on behalf of himself and all others similarly situated, as applicable; *et al.*, <br><br>                                          Plaintiffs, <br><br>       v. <br><br> SPRINT SOLUTIONS, INC.; *et al.*, <br><br>                                          Defendants. | Civil No.   10-CV-2044-BEN (BGS) <br><br> **ORDER STAYING DISCOVERY** |

On January 24, 2011, the parties to this action filed a Report of Rule 26(f) Planning Meeting. (Doc. No. 30.) Currently pending in this case is Defendants' motion to dismiss the Complaint and Defendants' motion to stay all proceedings in light of a pending motion for transfer of actions for coordinated and/or consolidated pretrial proceedings before the Judicial Panel on Multidistrict Litigation ("JPML"). (Doc. Nos. 25 & 27.) Defendants have not yet filed an Answer to the Complaint and, consequently, the Court has not yet held an Early Neutral Evaluation Conference or issued a Scheduling Order. See Civ. L.R. 16.1(c)-(d).

In the Rule 26(f) Report, Defendants object to the exchange of initial disclosures prior to the resolution of the JPML decision. (Doc. No. 30 at 4.) The district courts have broad discretion to stay discovery in a case while a dispositive motion is pending. Orchid Biosciences, Inc. v. St. Louis Univ., 198 F.R.D. 670, 672 (S.D.Cal.2001) (citing Data Disc, Inc. v. Sys. Tech. Associates, Inc., 557 F.2d 1280 (9th Cir.1977)). A district court's decision to allow or deny discovery is reviewable only for abuse of discretion. Munoz-Santana v. INS, 742 F.2d 561, 562 (9th Cir.1984). In order to conserve party and judicial resources

and avoid undue expenses, the Court finds good cause to stay all discovery pending the outcome of Defendants' motion to dismiss and motion to stay, and the filing of an Answer. See Fed. R. Civ. P. 26(b)(2)(C) ("on its own, the Court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that . . . the burden or expense of the proposed discovery outweighs its likely benefit); see also Fed. R. Civ. P. 26(c)(4) ("The Court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.").

**IT IS SO ORDERED**.

Dated: January 31, 2011

**BERNARD G. SKOMAL**
United States Magistrate Judge